**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

CHRISTIAN CAPACCHIONE,

        Plaintiff,

v.

CAMDEN COUNTY DEPARTMENT OF CORRECTIONS,

        Defendant.

Civil Action No. 25-2851 (ZNQ) (RLS)

**OPINION**

**QURAISHI, District Judge**

    This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 1-1) in this prisoner civil rights matter.[1] Having reviewed Plaintiff's application, this Court finds that leave to proceed without the prepayment of fees is authorized in this matter and Plaintiff's application shall therefore be granted. Because Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim for which relief may be granted.

---

[1] This matter was previously administratively terminated because some of Plaintiff's mail was returned as undeliverable and it appeared that he had failed to notify the Court of an address change. (*See* ECF No. 4.) As Plaintiff has clarified that he remains in the Camden County jail, (*see* ECF No. 5), the Court will reopen and screen this matter.

**I.   BACKGROUND**

Plaintiff is a pretrial detainee currently housed in the Camden County jail. (ECF No. 1 at 2-3.) During his time in the jail, Plaintiff has faced a myriad of issues from jail staff, none of whom he specifies by name. These incidents include an alleged sexual assault by an officer against whom Plaintiff had given testimony, a failure to investigate these allegations by a jail investigations division, threats from the same officer who assaulted him, a failure by the jail to address deficiencies with Plaintiff's cell, and a failure by jail medical staff to treat a number of medical issues resulting from an alleged police assault during Plaintiff's arrest. (*Id.* at 5-6.) Plaintiff does not clearly identify any of the individuals actually involved in these wrongs, and instead seeks to raise his resulting civil rights claims solely against the Camden County Department of Corrections which operates the jail. (ECF No. 1 at 4.)

**II.   LEGAL STANDARD**

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*,

2

515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

In his complaint, Plaintiff seeks to raise various civil rights claims against the Camden County Department of Corrections, which operates the jail in which he is detained, pursuant to 42 U.S.C. § 1983. A county department of corrections or county jail, however, is not a proper defendant in a civil rights proceeding as it is not considered a separate entity from the municipality which operates the jail. *See Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5

3

(D.N.J. April 8, 2015) (a county jail is not a person subject to suit under § 1983, the county itself is instead responsible for the operation of the facility).  Likewise, to the extent Plaintiff's intent was to name the County itself, a municipal entity may only be held liable in a civil rights matter where a policy, practice, or custom the entity put into place was the moving force behind the alleged constitutional violations.  *See Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010); *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  As Plaintiff has failed to identify any policy, practice, or custom put into place by Camden County which was the "moving force" behind the number of alleged violations he suffered in the jail, Plaintiff has failed to plead a plausible claim for relief against Camden County.  Plaintiff's complaint must therefore be dismissed without prejudice at this time for failure to state a claim for which relief may be granted.

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-1) shall be **GRANTED**, and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted.  Plaintiff shall be granted leave to file an amended complaint addressing these deficiencies within thirty days.  An order consistent with this Opinion will be entered.

Date: March 5, 2026

                                                                               s/ Zahid N. Quraishi
                                                      **ZAHID N. QURAISHI**
                                                      **UNITED STATES DISTRICT JUDGE**